IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE:  LOWRY FARMS, INC.                                        CASE NO. 1:25-ap-07020
                                                                                                    CHAPTER 7

M RANDY RICE, TRUSTEE,                                                      PLAINTIFF

V.

F & T LABOR CONSULTANTS, LLC                                         DEFENDANTS
KRF CONSULTANT, INC.
KIMBERLY RENEE FERRELL, and
MARCOS TORRES, a/k/a DIOSCORO TORRES

## ANSWER

Come now the Defendants, F & T Labor Consultants, LLC, KRF Consultant, Inc., Kimberly Renee Ferrell, and Marcos Torres, a/k/a Dioscoro Torres, by and through their attorneys, Hashem Law Firm, PLC, and for their Answer states as follows:

1. That the allegations contained in paragraphs 1 through 5 of the Complaint are admitted.

2. That the allegations contained in paragraph 6 of the Complaint are denied.

3. That the allegations contained in paragraph 7 of the Complaint are denied.

4. That the allegations contained in paragraphs 8, 9, and 10 of the Complaint are admitted.

5. That Defendants admit that Renee Ferrell was employed by Debtor, Lowry Farms, Inc., and that as a result of her employment, Ferrell had access to Debtor's bank accounts, financial information, and was responsible for payroll processing, accounts payable and receivable.  That Defendants deny that Renee Ferrell was a corporate officer of the Debtor or that she had control over the financial decisions of the Debtor, along with any other allegations contained in paragraph 11, not specifically admitted herein.

6. That the allegations contained in paragraph 12 of the Complaint are denied.

7. That Defendants admit that Renee Ferrell was responsible for overseeing the finances and bank accounts of Clay Lowry, CL-3 Logging, Inc. and Clay Lowry Forestry, Inc. That the remaining allegations contained in paragraph 13 are denied, including specifically that Ferrell had control over Mr. Lowery and related entities' financial decisions.

8. That the allegations contained in paragraph 14 of the Complaint are admitted.

9. That the allegations contained in paragraph 15 of the Complaint are admitted.

10. That Defendants admit that Defendant Torres was an employee of Lowry Farms, Inc. and was responsible for overseeing the work of migrant labor crews employed to plant sugarcane pursuant to contacts between Lowry Farms, Inc. and numerous farms. Defendants deny the remaining allegations contained in paragraph 16 of Plaintiff's Complaint, including specifically that Defendant Torres was employed by CL-3 Logging, Inc. and Clay Lowry Forestry, Inc. or that Defendant Torres had responsibilities with respect to the payment of labor of migrant work crews employed by Debtor.

11. That the allegations contained in paragraph 17 of the Complaint are denied.

12. That the allegations contained in paragraph 18 of the Complaint are admitted.

13. That paragraph 19 makes no allegations against Defendants and the same is therefore denied.

14. That Defendants Ferrell and Torres admit that they are aware of the Federal Lawsuit pending against Debtor, gave depositions in said litigation, and that Defendant Ferrell acted as the corporate representative of Debtor, to testify about financial issues and operations of the Debtor. That Defendants deny the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

15. That the allegations contained in paragraph 21 of the Complaint are denied.

16. That the allegations contained in paragraphs 22 through 27 of the Complaint are admitted.

17. That the allegations contained in paragraph 28 of the Complaint are denied.

18. That Defendant F & T Labor Consultants, LLC (hereinafter F & T) admits receipt of the funds alleged in paragraph 29. The remaining allegations contained in paragraph 29 of the Complaint are denied. That pleading affirmatively, Defendants state that the funds were for repayment of loans from Defendants Ferrell and Torres to Debtor and that F & T is a company owned by Defendants Ferrell and Torres.

19. That Defendant F & T Labor Consultants, LLC (hereinafter F & T) admits receipt of the funds alleged in paragraph 30. The remaining allegations contained in paragraph 30 of the Complaint are denied. That pleading affirmatively, Defendants state that the funds were for repayment of loans from Defendants Ferrell and Torres to Debtor and that F & T is a company owned by Defendants Ferrell and Torres.

20. That Defendant F & T Labor Consultants, LLC (hereinafter F & T) admits receipt of the funds alleged in paragraph 31. The remaining allegations contained in paragraph 31 of the Complaint are denied. That pleading affirmatively, Defendants state that the funds were for repayment of loans from Defendants Ferrell and Torres to Debtor and that F & T is a company owned by Defendants Ferrell and Torres.

21. That Defendant F & T Labor Consultants, LLC (hereinafter F & T) admits receipt of the funds alleged in paragraph 32. The remaining allegations contained in paragraph 32 of the Complaint are denied. That pleading affirmatively, Defendants state that the funds were for repayment of loans from Defendants Ferrell and Torres to Debtor and that F & T is a company owned by Defendants Ferrell and Torres.

22. That Defendant F & T Labor Consultants, LLC (hereinafter F & T) admits receipt of the funds alleged in paragraph 33. The remaining allegations contained in paragraph 33 of the Complaint are denied. That pleading affirmatively, Defendants state that the funds were for repayment of loans from Defendants Ferrell and Torres to Debtor and that F & T is a company owned by Defendants Ferrell and Torres.

23. That Defendants admit that Debtor transferred certain vehicles to Defendant F & T prior to Debtor's bankruptcy filing. That Defendants deny the remaining allegations contained in paragraph 34 of the Complaint, including the number of vehicles and the allegations of fraudulent or preferential transfers.

24. That the allegations contained in paragraph 35 of the Complaint are denied.

25. That the allegations contained in paragraph 36 of the Complaint are denied.

26. That the allegations contained in paragraph 37 of the Complaint are denied.

27. That the allegations contained in paragraph 38 of the Complaint are admitted.

28. That paragraph 39 of the Complaint makes no allegations against Defendants and the same is therefore denied.

29. That the allegations contained in paragraph 40 of the Complaint are denied.

30. That the allegations contained in paragraph 41 of the Complaint are denied.

31. That the allegations contained in paragraphs 42 through 45 of the Complaint are admitted.

32. That the allegations contained in paragraph 46 of the Complaint are denied.

33. That the allegations contained in paragraph 47 of the Complaint are denied.

34. That Defendant Ferrell admits that she withdrew the alleged funds from the account of CL-3 Logging, Inc. That remaining allegations contained in paragraph 48 of the Complaint are

denied. That pleading affirmatively, Defendant Ferrell states that the withdrawal was made at the direction of Clay Lowry and the cash was given to Clay Lowry, the owner of CL-3 Logging, Inc.

35. That Defendant Ferrell admits that she withdrew the alleged funds from the account of CL-3 Logging, Inc. That remaining allegations contained in paragraph 49 of the Complaint are denied. That pleading affirmatively, Defendant Ferrell states that the withdrawal was made at the direction of Clay Lowry and the cash was given to Clay Lowry, the owner of CL-3 Logging, Inc.

36. That Defendant Ferrell admits that she withdrew the alleged funds from the account of CL-3 Logging, Inc. That remaining allegations contained in paragraph 50 of the Complaint are denied. That pleading affirmatively, Defendant Ferrell states that the withdrawal was made at the direction of Clay Lowry and the cash was given to Clay Lowry, the owner of CL-3 Logging, Inc.

37. That Defendant Ferrell admits that she withdrew the alleged funds from the account of CL-3 Logging, Inc. That remaining allegations contained in paragraph 51 of the Complaint are denied. That pleading affirmatively, Defendant Ferrell states that the withdrawal was made at the direction of Clay Lowry and the cash was given to Clay Lowry, the owner of CL-3 Logging, Inc.

38. That Defendant Ferrell admits that she withdrew the alleged funds from the account of CL-3 Logging, Inc. That remaining allegations contained in paragraph 52 of the Complaint are denied. That pleading affirmatively, Defendant Ferrell states that the withdrawal was made at the direction of Clay Lowry and the cash was given to Clay Lowry, the owner of CL-3 Logging, Inc.

39. That the allegations contained in paragraph 53 of the Complaint are denied.

40. That the allegations contained in paragraph 54 of the Complaint are denied.

41. That Defendants admit the payment of funds to Defendant Torres, alleged in paragraph 55 of the Complaint. That the remaining allegations contained in paragraph 55 are denied.

Defendants affirmatively plead that Defendant Torres had loaned funds to Debtor and this was a partial repayment of those funds.

42. That Defendants admit the payment of funds to Defendant Torres, alleged in paragraph 56 of the Complaint. That the remaining allegations contained in paragraph 56 are denied. Defendants affirmatively plead that Defendant Torres had loaned funds to Debtor and this was a partial repayment of those funds.

43. That Defendants admit the payment of funds to Defendant Torres, alleged in paragraph 57 of the Complaint. That the remaining allegations contained in paragraph 57 are denied. Defendants affirmatively plead that Defendant Torres had loaned funds to Debtor and this was a partial repayment of those funds.

44. That Defendants admit the payment of funds to Defendant Torres, alleged in paragraph 58 of the Complaint. That the remaining allegations contained in paragraph 58 are denied. Defendants affirmatively plead that Defendant Torres had loaned funds to Debtor and this was a partial repayment of those funds.

45. That Defendants admit the payment of funds to Defendant Torres, alleged in paragraph 59 of the Complaint. That the remaining allegations contained in paragraph 59 are denied. Defendants affirmatively plead that Defendant Torres had loaned funds to Debtor and this was a partial repayment of those funds.

46. That Defendants admit the payment of funds to Defendant Torres, alleged in paragraph 60 of the Complaint. That the remaining allegations contained in paragraph 60 are denied. Defendants affirmatively plead that Defendant Torres had loaned funds to Debtor and this was a partial repayment of those funds.

47. That Defendants admit the payment of funds to Defendant Torres, alleged in paragraph 61 of the Complaint. That the remaining allegations contained in paragraph 61 are denied. Defendants affirmatively plead that Defendant Torres had loaned funds to Debtor and this was a partial repayment of those funds.

48. That the allegations contained in paragraph 62 of the Complaint are denied.

49. That the allegations contained in paragraph 63 of the Complaint are denied.

50. That the allegations contained in paragraph 64 of the Complaint are denied for lack of knowledge by Defendants. The alleged transfers in the Complaint span a course of three (3) separate years and Defendants do not know the debts owed by the Debtor on the date of each of the alleged transfers.

51. That the allegations contained in paragraph 65 of the Complaint are denied for lack of knowledge by Defendants.

52. That the allegations contained in paragraph 66 of the Complaint are denied.

53. That the allegations contained in paragraph 67 of the Complaint are denied.

54. That the allegations contained in paragraph 68 of the Complaint are denied.

55. That the allegations contained in paragraph 69 of the Complaint are denied.

56. That the allegations contained in paragraph 70 of the Complaint are denied.

57. That the allegations contained in paragraph 71 of the Complaint are denied.

58. That the allegations contained in paragraph 72 of the Complaint are denied.

59. That paragraph 73 of the Complaint makes no allegations against Defendants and the same are therefore denied.

60. That each and every allegation not specifically admitted herein is hereby denied.

61. That Defendants reserve the right to amend their Answer upon further investigation and discovery.

WHEREFORE, Defendants, F & T Labor Consultants, LLC, KRF Consultants, Inc., Kimberly Renee Ferrell, and Marcos Torres, a/k/a Dioscoro Torres, pray that the Complaint filed herein against them be denied and dismissed; for their costs expended herein; for a reasonable attorney's fees; and for all other just and proper relief to which they are entitled.

Respectfully submitted,

F & T LABOR CONSULTANTS, LLC,
KRF CONSULTANT, INC.,
KIMBERLY RENEE FERRELL, and,
MARCOS TORRES, a/k/a
DIOSCORO TORRES, DEFENDANTS

BY: _____
HANI W. HASHEM – 87076
Hashem Law Firm, PLC
P.O. Box 739
Monticello, AR 71657
Telephone: (870) 367-4223
Facsimile: (870) 367-4299
Email: hwh@hashemlawfirm.com

CERTIFICATE OF SERVICE

I, Hani W. Hashem, do hereby certify that a true and correct copy of the above and foregoing Answer has been *electronically delivered by eFlex* on this 9th day of July, 2025, to:

James M. Knoepp
1612 Crestwood Drive
Columbia, SC 29205
Email: *jknoepp@gmail.com*

Scott D. McCoy
Southern Poverty Law Center
2 S Biscayne Blvd., Suite 3750
Miami, FL 33131
Email: *scott.mccoy@splcenter.org*

M. Randy Rice, Trustee
124 W Capitol, Suite 1850
Little Rock, AR 42201
Email: *randyrice2@comcast.net*

_____
HANI W. HASHEM